**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
bcrowley@mcdonnellcrowley.com
Brian T. Crowley (BC 2778)
*Counsel for Plaintiff, John M. McDonnell,*
*Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 12-30629 (KCF) |
| NORTH CONNECTIONS LOGISTICS, INC., | Chapter 7 |
| Debtor. | |
| JOHN M. MCDONNELL, AS CHAPTER 7 TRUSTEE, | Adv. Pro. No. 13-_____ (KFC) |
| Plaintiff, | |
| v. | |
| CSX TRANSPORTATION, INC., | |
| Defendant. | |

### VERIFIED ADVERSARY COMPLAINT
### FOR RECOVERY OF PROPERTY OF THE ESTATE

John M. McDonnell, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") of the estate of North Connections Logistics, Inc. (the "Debtor"), by and through his undersigned counsel, McDonnell Crowley, LLC, by way of a Complaint against CSX Transportation, Inc. (the "Defendant"), hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 (b) and 28 U.S.C. § 157.

2. Venue is properly fixed in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding that may be heard and determined by a bankruptcy judge pursuant to 28 U.S.C. § 157(b).

## PARTIES

4. The Plaintiff is the appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

5. Upon information and belief, the Defendant is a corporation, partnership, governmental unit, individual, or entity who transacted business in the United States with the Debtor and who submitted one or more invoices to the Debtor for goods provided or services rendered.

## BACKGROUND

6. On August 20, 2012 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

7. On October 23, 2012, an Order was entered converting the Debtor's case from one under Chapter 11 of the Bankruptcy Code to one under Chapter 7 of the Bankruptcy Code.

8. On October 25, 2012, John M. McDonnell, the Plaintiff, was appointed Chapter 7 Trustee, and is duly qualified and is acting in that capacity.

9. The 341 Meeting of Creditors was conducted on December 17, 2012.

10. Upon information and belief, and a review of the Debtor's Schedule "B", the Defendant has an outstanding receivable designated as the "CSX receivable" with a value of $19,154 (the "Outstanding Receivable'). *See* Docket No. 15-2.

9.  The Trustee notes he has another proceeding pending before this Court against the Defendant, which is administered under the caption *North Connections Logistics, Inc v. CSX Transportation, Inc.*, Adv. Proc. No. 12-01979(KCF).

## COUNT ONE

11.  The Trustee repeats and realleges each and every allegation contained above as if fully set forth at length herein.

12.  The Defendants are in possession, custody or control of property that belongs to the Debtor's estate, specifically the Outstanding Receivable.

13.  All of the property should be turned over to and accounted for the Trustee.

**WHEREFORE**, the Trustee demands judgment against the Defendants as follows:

(a)  for an Order compelling Defendants to turnover all of the Debtor's property, specifically the full amount of the Outstanding Receivable, pursuant to 11 U.S.C. § 542;

(b)  for damages, together with interest, costs of suit and reasonable attorneys' fees;

(c)  for an accounting of all the Debtor's property; and

(d)  for such other and further relief as this Court deems just, proper, and equitable.

## COUNT TWO

13.  The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

14.  The Trustee demanded repayment of the Outstanding Receivable prior to the filing of the within Complaint.

15.  The Defendant has failed to turnover to the Trustee the value of the Outstanding Receivable or to otherwise repay the Outstanding Receivable.

16. Pursuant to section 502(d) of Bankruptcy Code, the Trustee is entitled to an Order waiving, discharging and barring any claims that the Defendant may hold against the within estate.

**WHEREFORE,** the Trustee demands judgment in his favor and against the Defendant, as follows:

(a) for an Order waiving, discharging and barring any claims which the Defendant may hold against the Debtor's estate; and

(b) granting such other relief that this Court deems just, proper, and equitable.

## **COUNT THREE**

17. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

18. The Trustee incurred significant legal expenses in order to pursue the within claims against the Defendant.

19. The Trustee is entitled to reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7008(b).

**WHEREFORE,** the Trustee demands judgment in his favor and against the Defendant, as follows:

(a) for an Order compelling the Defendant to pay the Trustee's reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7008(b); and

(b) granting such other relief that this Court deems just, proper, and equitable.

## **COUNT FOUR**

13.     The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

14.     The Trustee hereby expressly reserves his right to (i) commence any and all other causes of action that he may maintain on behalf of the estate against the Defendant, by amending this Complaint or by separate action, (ii) amend this Complaint to raise additional transfers between the Debtor and the Defendant, and (iii) assert any available objections to any claims that the Defendant may have against the Debtor and/or the estate.

**WHEREFORE,** the Trustee demands judgment in his favor and against the Defendant, as follows:

(a)     granting the relief as more fully set forth herein; and

(b)     granting such other relief that this Court deems just, proper, and equitable.


**McDonnell Crowley, LLC**
*Counsel for Plaintiff, John M. McDonnell, Chapter 7 Trustee*


By:   /s/ Brian T. Crowley
        BRIAN T. CROWLEY

Dated: April 1, 2013

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, **John M. McDonnell**, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: April 1, 2013                                         /s/ John M. McDonnell
                                                                 JOHN M. MCDONNELL