Order Filed on
**9/17/2013**
by Clerk U.S. Bankruptcy
Court District of New Jersey

McDonnell Crowley, LLC
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
bcrowley@mcdonnellcrowley.com
Brian T. Crowley (BC2778)
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NORTH CONNECTIONS LOGISTICS, INC.,<br><br>Debtor. | Case No. 12-30629 (KCF)<br><br>Honorable Kathryn C. Ferguson<br><br>Chapter 7 |
| NORTH CONNECTIONS LOGISTICS, INC,<br><br>Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC., <br><br>Defendant. | Adv. Pro. No. 12-01979(KCF) |
| JOHN M. MCDONNELL, AS CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC., <br><br>Defendant. | Adv. Pro. No. 13-01374(KCF) |

## STIPULATION AND CONSENT ORDER

The relief set forth on the following pages, numbered two (2) through eleven (11), is

hereby **ORDERED.**

**DATED: 9/17/2013**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtor | North Connections Logistics, Inc |
| Case No | 12-30629(KCF) |
| Adv Proc Nos | 12-01979(KCF) and 13-01374(KCF) |
| Caption of Order | Stipulation and Consent Order |

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell, not individually or personally, but as the Chapter 7 Trustee (the "Trustee"), for the estate of North Connections Logistics, Inc., the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, and CSX Transportation, Inc. ("CSXT") (CSXT together with the Trustee are collectively referred to as the "Parties") by and through its counsel, Holland & Knight, LLP. The Parties hereby stipulate and agree as follows:

WHEREAS, on August 20, 2012 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

WHEREAS before the Petition Date, Debtor and CSXT were parties to that certain CSX Transportation System Agreement dated July 1, 2009 (the "Agreement") by which Debtor provided certain transportation services to CSXT; and

WHEREAS, on September 27, 2012, the Debtor filed a complaint (the "First Complaint") administered under Adversary Proceeding No. 12-01979-KCF (the "First Adversary Proceeding"), asserting that CSXT violated the New Jersey Law Against Discrimination, specifically N.J.S.A. § 10:5-12(*l*); and

WHEREAS, on October 23, 2012, an Order was entered converting the Debtor's case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code: and

(Page 3)

| | |
|---|---|
| Debtor: | North Connections Logistics, Inc. |
| Case No.: | 12-30629(KCF) |
| Adv. Proc. Nos. | 12-01979(KCF) and 13-01374(KCF) |
| Caption of Order: | Stipulation and Consent Order |

WHEREAS, on October 25, 2012, John M. McDonnell was appointed Chapter 7 Trustee, and is duly qualified and is acting in that capacity; and

WHEREAS, on December 17, 2012, CSXT filed a motion to dismiss the Adversary Proceeding on the basis that: (1) the claim asserted in the Adversary Proceeding was subject to arbitration; (2) the First Complaint failed to a state a claim upon which relief may be granted; and (3) that venue for the action should be in the State of Florida; and

WHEREAS, on April 1, 2013, the Trustee filed a complaint ("Second Complaint") administered under Adversary Proceeding No. 13-01374-KCF (the "Second Adversary Proceeding" and together with the First Adversary Proceeding, the "Adversary Proceedings") asserting, among other things, that CSXT owed the estate an outstanding receivable in the amount of approximately $19,154 (the "Outstanding Receivable"); and

WHEREAS, on April 8, 2013, the Bankruptcy Court entered an Order dismissing the First Adversary Proceeding for improper venue; and

WHEREAS, following good faith negotiations, the Parties desire to settle the claim asserted in the Adversary Proceedings to avoid further costs of litigation on the terms set forth herein; and

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.     The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

*Approved by Judge Kathryn C. Ferguson September 17, 2013*

(Page 4)

| | |
|---|---|
| Debtor | North Connections Logistics Inc |
| Case No | 12-30629(KCF) |
| Adv Proc Nos | 12-01979(KCF) and 13-01374(KCF) |
| Caption of Order | Stipulation and Consent Order |

2       This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules   In addition, any actions of the Parties to the Stipulation and Consent Order necessary to consummate the transactions contemplated by the Stipulation and Consent Order also are APPROVED

3       This Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date")

4       CSXT shall pay to the Trustee the sum of sixty-four thousand ($64,000 00) dollars (the "Settlement Payment") within ten (10) days of the Effective Date   CSXT shall make the Settlement Payment by making a check payable to *"John M. McDonnell, Trustee for North Connections Logistics, Inc."* and mailing it to the following address

**Brian T. Crowley, Esq.**
**McDonnell Crowley, LLC**
**115 Maple Avenue, Suite 201**
**Red Bank, New Jersey 07701**

5       CSXT does hereby warrant and represent that it has not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that CSXT has, had or may have against, the Debtor, the bankruptcy estate, the Trustee, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person

(Page 5)

| | |
|---|---|
| Debtor | North Connections Logistics, Inc |
| Case No | 12-30629(KCF) |
| Adv Proc Nos | 12-01979(KCF) and 13-01374(KCF) |
| Caption of Order | Stipulation and Consent Order |

6      The Defendant hereby unconditionally and absolutely withdraws, dismisses, releases, waives, and forever discharges with prejudice, any scheduled claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estate, the Trustee, the Trustee's professionals, including but not limited to any claim that it is or may be entitled to under section 502 of the Bankruptcy Code and any and all such claims are hereby permanently, disallowed and irrevocably expunged  CSXT further waives any and all objections to the fee applications of the Trustee and Trustee's counsel

7      Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order and the performance of all obligations under this Stipulation and Consent Order by CSXT, the Trustee, in his capacity as the Chapter 7 Trustee of the Debtor's bankruptcy estate, hereby releases and forever discharges CSXT, its parents, subsidiaries, affiliates, divisions, predecessors, shareholders, officers, directors, agents, attorneys, employees, representatives, successors and assigns (collectively the "CSXT Releasees"), from any and all claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee, the Debtor and the Debtor's bankruptcy estate ever had or now has, or may claim to have at the present time, against the CSXT Releasees, including but not limited to any claims arising from or relating to the Agreement, the termination of the Agreement, the provision of services under the Agreement, the allegations in the First and Second Complaints, the Adversary Proceedings, or pursuant to any provision of the Bankruptcy Code  The Trustee's, the Debtor's and the Debtor's bankruptcy estate's release of claims against the CSXT Releasees also includes, but is not limited to, any claims of harassment or discrimination based upon race, color, creed, national origin, ancestry,

(Page 6)

| | |
|---|---|
| Debtor | North Connections Logistics Inc |
| Case No | 12 30629(KCF) |
| Adv Proc Nos | 12 01979(KCF) and 13 01374(KCF) |
| Caption of Order | Stipulation and Consent Order |

religion, marital status, military status, sex, sexual orientation, sexual preference, citizenship status, pregnancy and related medical conditions, genetic predisposition, medical condition or disability or any other protected category under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act, Section 1981 of the Civil Rights Act of 1866, the Equal Pay Act, the Rehabilitation Act, the Age Discrimination in Employment Act ("ADEA"), the Family and Medical Leave Act, the Older Workers Benefits Protections Act ("OWBPA"), the Worker Adjustment and Retraining Act, the Pregnancy Discrimination Act, the New Jersey Law Against Discrimination, N J S A § 10 5-12(l) et seq, N J S A 10 5-1, et seq , the New Jersey Family Leave Act, and any other local, city, state or federal harassment or discrimination laws, and all federal, New Jersey and Florida wage and hour laws, wage orders, and regulations, and any other federal, state or local laws or administrative orders or regulations  In addition, the Trustee's, the Debtor's and the Debtor's bankruptcy estate's release of claims against the CSXT Releasees includes, but is not limited to all common law claims, claims of breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy, wrongful or constructive discharge, or any other employment-related claim or other tort, any claim for costs, fees, or other expenses, including attorneys' fees, and all claims under any other federal, state, or local laws  This release specifically includes claims regarding personal injuries and consequences thereof, including death, pain and suffering, and any injuries that may now exist but which, at this time, are unknown, unknowable, or unanticipated, or which may or may not develop further at some time in the future, and all potential claims concerning any unforeseeable or unanticipated further development or consequences of unknown injuries  Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this

(Page 7)

| | |
|---|---|
| Debtor | North Connections Logistics Inc |
| Case No | 12-30629(KCF) |
| Adv Proc Nos | 12-01979(KCF) and 13-01374(KCF) |
| Caption of Order | Stipulation and Consent Order |

---

Stipulation and Consent Order   In addition, nothing in this Stipulation and Consent Order may be deemed to release (x) the Trustee's and the estate's rights and/or claims, counter claims, defenses, and/or causes of action related to the defendants in *North Connections Logistics, Inc v Ameritemps of PA, Inc. et al* Adv Proc No 12-02070-KCF, (y) any claims, counter claims, defenses, and/or causes of action against any party that filed or will file a proof of claim against the Debtor or the estate, or (z) any and all claims by American Express Company/American Express and/or any of its affiliated companies

    8    This Agreement is not and shall not in any way be construed as an admission by CSXT of any allegations contained in the First Complaint, the Second Complaint, the Agreement, the Adversary Proceedings, or any violations of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866, the New Jersey Law Against Discrimination, N J S A  § 10 5-12(l), N J S A  10 5-1, et seq , or any federal, state or local laws, rules, regulations or ordinances  This Agreement is not and shall not be construed as an admission by CSXT that it was a joint employer with the Debtor as defined by the New Jersey Law Against Discrimination, the Fair Labor Standards Act of 1938, or Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866 or any federal, state or local laws, rules, regulations or ordinances

    9    It is understood that this Stipulation and Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claims or causes of action by either party  In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this

(Page 8)

| | |
|---|---|
| Debtor: | North Connections Logistics, Inc. |
| Case No.: | 12-30629(KCF) |
| Adv. Proc. Nos. | 12-01979(KCF) and 13-01374(KCF) |
| Caption of Order: | Stipulation and Consent Order |

Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

10.     Each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order and/or any issues arising under or related to the Adversary Proceedings.

11.     This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

12.     The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

13.     No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

14.     The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

*Approved by Judge Kathryn C. Ferguson September 17, 2013*

(Page 9)

| | |
|---|---|
| Debtor | North Connections Logistics Inc |
| Case No | 12-30629(KCF) |
| Adv Proc Nos | 12 01979(KCF) and 13 01374(KCF) |
| Caption of Order | Stipulation and Consent Order |

15    This Stipulation and Consent Order constitutes the entire agreement between the Parties and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto    It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document

16    This Stipulation and Consent Order was drafted by all the Parties and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable

17    This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the parties hereto

18    The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent

19    The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts

20    This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum    Execution by a party of a signature page hereto shall constitute due execution and

*Approved by Judge Kathryn C. Ferguson September  17, 2013*

**(Page 10)**

| | |
|---|---|
| Debtor | North Connections Logistics, Inc |
| Case No | 12-30629(KCF) |
| Adv Proc Nos | 12-01979(KCF) and 13-01374(KCF) |
| Caption of Order | Stipulation and Consent Order |

shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

21.     A facsimile or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile signatures.

22.     The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

IN WITNESS WHEREOF, each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

*Approved by Judge Kathryn C. Ferguson September  17, 2013*

(Page 11)

Debtor:          North Connections Logistics, Inc.
Case No.:        12-30629(KCF)
Adv. Proc. Nos.  12-01979(KCF) and 13-01374(KCF)
Caption of Order:  Stipulation and Consent Order

---

**McDonnell Crowley, LLC**
*Counsel for John M. McDonnell, not
individually or personally, but as Chapter
7 Trustee North Connections Logistics,
Inc., the Chapter 7 Debtor*

**Holland & Knight LLP**
*Counsel for CSX Transportation, Inc.*

By:

Name: <u>BRIAN T. CROWLEY</u>

Date: <u>9/12/2013</u>

By:

Name: <u>BARBRA PARLIN</u>

Date: <u>August 15, 2013</u>

**McDonnell Crowley, LLC**
*Counsel for John M. McDonnell, not individually or
personally, but as Chapter 7 Trustee
North Connections Logistics, Inc., the Chapter 7 Debtor*

By:

Name: <u>PHILIP B SEATON</u>

Date: <u>9/12/2013</u>

#25181802_v1

*Approved by Judge Kathryn C. Ferguson September 17, 2013*